UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>STATE OF TENNESSEE, et al.,<br><br>    Defendants. | Case No. 3:18-cv-0471<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Newbern |

To: The Honorable William L. Campbell, Jr., District Judge

## REPORT AND RECOMMENDATION

Plaintiff John Doe has filed motions seeking a temporary restraining order (Doc. No. 10), preliminary injunction (Doc. No. 11), and a hearing on those motions (Doc. No. 29).[1] Defendants have responded in opposition to the motions for injunctive relief (Doc. Nos. 14, 19). For the reasons that follow, the Magistrate Judge RECOMMENDS that the motions be denied without prejudice to refiling in light of the amended complaint (Doc. No. 23).

**I.   Background**

Doe filed this action on May 18, 2018, seeking relief against Governor Bill Haslam, Attorney General Herbert Slatery, and State Court Administrator Deborah Taylor Tate under the

---

[1] John Doe was the only plaintiff to the original complaint. (Doc. No. 1.) The amended complaint adds as plaintiffs Doe's three children, whom he refers to as Johnson Doe I, Johnson Doe II, and Johnson Doe III. (Doc. No. 23.) Although Doe can appear on his own behalf in this action, he cannot appear pro se on behalf of his children. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). The Court therefore considers these motions to have been filed only by Doe in his pro se capacity. The Court will address Doe's motion to appoint a guardian ad litem for his children (Doc. No. 30) by separate order.

Americans With Disabilities Act, 42 U.S.C. §§ 12131, *et seq.* (Doc. No. 1.) Doe challenges the facial validity of Tennessee Code Annotated § 36-6-106, arguing that the statute violates the Fourteenth Amendment and Title II of the ADA "by allowing a disability to be a factor in custody and placement determinations." (*Id.*) In the alternative, Doe seeks a declaratory judgment requiring that the statute be construed only to allow consideration of a parent's disability if it poses a "real and direct threat to the child." (*Id.*)

After Defendants answered (Doc. No. 7), Doe filed a motion to amend the complaint and attached Defendants' written consent to the amendment (Doc. No. 9).[2] Defendants Haslam, Slatery, and Tate have responded in opposition. (Doc. Nos. 14, 19.) The amended complaint adds seven new defendants: (1) Jane Doe, John Doe's wife, with whom he is currently in divorce and child custody proceedings in the Dickson County General Sessions Court; (2) Kirk Vandivort, his wife's attorney; (3) Reynolds, Potter, Ragan & Vandivort, PLC, Vandivort's law firm (Reynolds Potter); (4) Dickson County General Sessions Court Judge Craig Monsue; (5) Dickson County Chancery Court Chancellor David Wolfe, who has presided over the Does' divorce proceedings; (6) the Dickson County Chancery Court; and (7) the Dickson County General Sessions Court. (Doc. No. 23, PageID# 248–49.) Doe also added eight claims for relief, including a claim for civil rights violations under 42 U.S.C. § 1983 and various state law claims. (Doc. No. 23). As relief, Doe seeks declaratory and injunctive relief, including the voiding of an order of protection obtained by Jane Doe and entry of Doe's proposed parenting plan, as well as monetary damages, attorney's fees, and costs. (*Id.*)

---

[2] Because Doe attached Defendants' written consent to the amended pleading to his filing, he did not need to seek the Court's permission to file the amended pleading. Fed. R. Civ. P. 15(a)(2). Doe states that he attempted to file the amended pleading under this rule, but was told that a motion to amend was required. (Doc. No. 15.)

Two days after filing the motion to amend, Doe filed a motion for temporary restraining order. (Doc. No. 10.) Doe served the motion on the State, Haslam, Slatery, and Tate. (Doc. No. 10, PageID# 92.) Doe states in the motion that "[a] copy of this document shall be served on all new parties with service of process." (*Id.* at PageID# 92.) The record does not reflect whether service of any of the new parties has been effected. In his reply brief, Doe states that he "has every intention of seeking a hearing *after* all parties have been served with the Amended Complaint and Motion for TRO." (Doc. No. 16, PageID# 140.)

The motion for temporary restraining order seeks the following relief:

1. Dickson County Chancery Court, Hon. David Wolfe, and their agents and officers, shall seal the court file and any information or document identifying the patties from public view, including prior dockets calendars, in Dickson County Chancery Court case number 18CV80. Court file materials shall be available to the patties in this action for inspection.

2. Further, the Dickson County General Sessions Court, Hon. Craig Monsue, shall seal the court file and any court documents that identify the Doe family members, in Case Number   22GSI-2018-CV-368

3. Until further order of this Court, there shall be no further proceedings in the Chancery Court of Dickson County regarding case number 18CV80, except orders necessary to effectuate this Court's orders and proceedings directed or permitted by order of this Court, this includes judicial recusal or case reassignment.

4. All Parties, together with their agents, employees, partners, affiliates, sub-contractors, appointees, and the like, are enjoined from publically identifying the Doe parties.

(Doc. No. 10, PageID# 90.)

Six days after filing the motion for a temporary restraining order, Doe filed a motion for a preliminary injunction. (Doc. No. 11.) The motion for a preliminary injunction asks the Court to order as follows:

1. Dickson County Chancery Court and Hon. David Wolfe shall seal the court file and any information or document identifying the parties from public

3

      view, including prior dockets calendars, in Dickson County Chancery Court case number 18CV80. Court file materials shall be available to the parties in this action for inspection.

2. Further, the Dickson Count Chancery Court and Hon. Craig Monsue shall seal the court file and any court documents that identify the Doe family members, in case number 22GSI-2018-CV-368.

3. Until further order of this Court, there shall be no further proceedings in the Chancery Court of Dickson County regarding case number 18CV80, except orders necessary to effectuate this Court's orders and proceedings directed or permitted by order of this Court, this includes judicial recusal and case reassignment.

4. All Parties are enjoined from identifying the Doe parties publicly or to any third party.

5. The Parties are enjoined from enforcement of the protective order provision that John Doe have "No Contact" with Johnson Doe I, II, & III.

6. John Doe's rights under Tenn. Code Ann. § 36-6-101(3)(B) are restored during the pendency of this matter.

7. Further, no party shall enforce or impose on John Doe a requirement that his visitation with Johnson Does I, II, & III be supervised.

8. Without making any determinations as to the merits of a custody or placement decision, the Court notes as a matter of state law, John Doe was entitled to entry of his 2nd Amended Proposed Temporary Order by default. The Dickson County Chancery Court, Hon. David Wolfe, so shall enter John Doe's temporary order by default, until further order of this Court. John and Jane Doe are free to make changes, by mutual agreement, for convenience, in writing.

9. These preliminary injunctions shall apply to the named Parties together with their agents, employees, partners, affiliates, sub-contractors, appointees, co-conspirators, and the like.

(Doc. No. 11, PageID# 93–94.)

## II. Legal Standard

Federal Rule of Civil Procedure 65(b) provides for the issuance of a temporary restraining order without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The rule further requires that the moving party's attorney must certify in writing efforts made to give notice and why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). This Court's Local Rule 65.01(c) requires "strict compliance" with Rule 65 and states that a *pro se* moving party, like counsel, must "certify in writing the efforts made to give notice of the request for a TRO and the reasons why notice should not be required." M.D. Tenn. Rule 65.01(c) (compliance with Federal Rule 65). Local Rule 65.01(b) requires that each motion for a temporary restraining order "must be accompanied by a separately filed affidavit or verified written complaint, a memorandum of law, and a proposed order." M.D. Tenn. Rule 65.01(b) (written complaint and memorandum).

"[T]he preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it," *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000), and is "never awarded as of right," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be had." *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). In determining whether to grant a preliminary injunction or temporary restraining order, the Court must consider whether the plaintiff has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that issuance of an injunction would not cause substantial harm to others; and (4) that the public interest

5

would be served by the issuance of the injunction. *Leary*, 228 F.3d at 736; *see also Ohio Republican Party v. Brunner,* 543 F.3d. 357, 361 (6th Cir. 2008) (noting that the same four factors apply in determining whether to grant a temporary restraining order). "These factors are to be balanced against one another and should not be considered prerequisites to the grant of a preliminary injunction." *Leary*, 228 F.3d at 736; *Nader v. Blackwell*, 230 F.3d 833, 834 (6th Cir. 2000). However, "the demonstration of some irreparable injury is a sine qua non for issuance of an injunction." *Patio Enclosures, Inc.*, 39 F. App'x at 967 (citing *Friendship Material, Inc.v. Michigan Brick, Inc.*, 679 F.2d 100, 105 (6th Cir. 1982)). Moreover, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000) (citing *Mich. State AFL–CIO v. Miller*, 103 F.3d 1240, 1249 (6th Cir. 1997)).

"[T]he proof required for the plaintiff to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion." *Leary*, 228 F.3d at 739. This already-stringent burden is even more difficult to meet where, as here, the plaintiff seeks an injunction not to maintain the status quo, but to obtain affirmative relief. Courts have identified three types of particularly disfavored preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of the trial on the merits." *Taylor v. Corizon Med. Corp.*, No. 2:17-cv-12271, 2018 WL 2437561, at *2 (E.D. Mich. May 10, 2018) (citing *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005)). Motions for these types of preliminary injunctions must be even more closely scrutinized. *Id.*

### III. Analysis

Doe's motion for a temporary restraining order must be denied because it does not comply with Federal Rule of Civil Procedure 65(b) or this Court's Local Rule 65.01. Most importantly, Doe's motion is not accompanied by an affidavit or a verified complaint. Without these accompanying sworn statements, the Court lacks a factual record on which it can grant the requested relief.[3] Doe also has not filed a memorandum of law in support of his motion for a temporary restraining order and does not address any of the factors that the Court must consider before granting such relief.[4] Finally, although Haslam, Slatery, and Tate had been served and appeared when the motion for a temporary restraining order was filed (Doc. Nos. 6, 7), Doe does not state his efforts to give notice to the other defendants or argue why their notice should not be required. Doe states only that "[t]he Chancery Court and Hon. David Wolfe are likely to be represented by the Office of the Attorney General, who is receiving notice herein." (Doc. No. 10, PageID# 91.) For all of these reasons, the motion for a temporary restraining order should be denied.

A preliminary injunction may only be issued after notice to any adverse party. Fed. R. Civ. P. 65(a). The docket does not reflect that any of the seven new defendants named in the amended complaint have been served or appeared in this action. "[E]ven if one or all of the Defendants received notice of the motion for injunctive relief, since service of process has not been

---

[3] Doe has filed an affidavit in support of his motion for a preliminary injunction. (Doc. No. 32.) Doe states that he attempted to file the affidavit under seal when he filed the motion for a preliminary injunction on August 22, 2018, but was not allowed to do so by the Court's electronic filing system. (*Id.* at PageID# 314.)

[4] Doe also has not provided a proposed order, although his motion does set out what he would like a temporary restraining order to provide. (Doc. No. 10, PageID# 90.)

accomplished, a preliminary injunction cannot be issued." *Koetje v. Norton*, No. 13-CV-12739, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013); *see also Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969) (holding that an injunction was improper because the defendant had not been served with process); *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 958 (4th Cir.1999) (service of process is a prerequisite to the issuance of an enforceable preliminary injunction). Doe appears to recognize this fact and states that he intends only to seek a hearing after all parties have been served. (Doc. No. 16, PageID# 140.) At best, therefore, his motion is premature.

His motion faces a second hurdle, however, that requires its denial at this juncture. Although Doe appears to reference defendants and claims made only in the amended complaint in his motion for a preliminary injunction, the amended complaint had not yet been docketed. It further appears that the original defendants may have based their response in opposition on the understanding that the amended complaint was not the operative pleading. (Doc. No. 19, PageID# 153 n.1.) Because the amended complaint now controls—and because the Court cannot find with certainty which pleading the parties considered in their motion and response—the motion for a preliminary injunction must be found moot and denied without prejudice to refiling. *See Mastronardi Produce, Inc. v. Lakeside Produce, Inc.*, *Mastronardi Produce, Inc. v. Lakeside Produce, Inc.*, No. 15-12331, 2016 WL 8115652, at *1 (E.D. Mich. Feb. 10, 2016) (granting plaintiff's request to file a first amended complaint, striking previously filed motion for preliminary injunction, and ordering plaintiff to file a new motion for preliminary injunction based on the first amended complaint); *Watson v. Wright*, No. 08-CV-00960 A M, 2010 WL 5072135, at *1 (W.D.N.Y. Nov. 18, 2010) (recommending that plaintiff's motion for preliminary injunction

based on fourth amended complaint, for which leave had not yet been granted, be denied without prejudice to renewal upon granting of that leave).

IV. **Conclusion**

For these reasons, the Magistrate Judge RECOMMENDS that Doe's motion for temporary restraining order (Doc. No. 10), motion for preliminary injunction (Doc. No. 11), and motion for hearing on the motions for temporary restraining order and preliminary injunction (Doc. No. 29) be DENIED WITHOUT PREJUDICE to refiling in light of the amended complaint.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 26th day of October, 2018

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge