UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN DOE, et al.,

    Plaintiffs,

v.

STATE OF TENNESSEE, et al.,

    Defendants.

Case No. 3:18-cv-0471

Judge William L. Campbell, Jr.
Magistrate Judge Newbern

## ORDER

Plaintiff John Doe's motion to ascertain the status of nine previously filed motions[1] is now before the Court (Doc. No. 80.) The motion is GRANTED. The nine motions are pending and will be addressed in due course. Doe's motion also raises an issue regarding his appearance by pseudonym, which the Court addresses by this order.

Doe has asserted his intent to appear under a pseudonym in several filings and has asked the Court to prevent disclosure of the true name of Defendant Jane Doe, whom he identifies as his wife. (Doc. Nos. 50, 81.) Appearing under a pseudonym is a rare exception to the requirement of Federal Rule of Civil Procedure 10(a) that a complaint "must name all the parties." Fed. R. Civ. P. 10(a). In certain circumstances, the Court may grant a protective order that allows a plaintiff to remain unnamed. *See, e.g.*, *Doe v. Univ. of Louisville*, No. 3:17-CV-00638-RGJ, 2018 WL 3313019, at *2 (W.D. Ky. July 5, 2018). However, to obtain that relief, the plaintiff must show that his "privacy interests substantially outweigh the presumption of open judicial proceedings."

---

[1] The motions are: a motion to appoint guardians ad litem for the minor plaintiffs (Doc. No. 30); motions for entry of default against four defendants (Doc. Nos. 41–44); a motion to redact name of Jane Doe (Doc. No. 50); a motion for a temporary restraining order (Doc. No. 51); a motion to strike (Doc. No. 54); and a motion for a preliminary injunction (Doc. No. 57).

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). This is a "heavy burden." *Doe v. Warren Cty.*, No. 1:12–cv–789, 2013 WL 684423, at *2–3 (S.D. Ohio Feb. 25, 2013).

Doe notes in his motion to ascertain status that no other party has objected to his use of a pseudonym. (Doc. No. 80.) But it is Doe's burden to move for the right to appear under a pseudonym and he has not yet made that motion.[2] *W.N.J. v. Yocom*, 257 F.3d 1171, 1172 (10th Cir. 2001) ("When a party wishes to file a case anonymously or under a pseudonym, it must first petition the district court for permission to do so."). Because "[f]ailure by a plaintiff to obtain court approval to proceed anonymously deprives the Court of jurisdiction to hear the matter," this is a step that cannot be waived. *Doe v. Univ. of Pittsburgh*, No. 1:17-CV-213, 2018 WL 3029085, at *1 (W.D. Mich. Jan. 12, 2018). Indeed, the Sixth Circuit has held that "[f]ailure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case because . . . 'the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them.'" *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636–37 (6th Cir. 2005) (quoting *Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989)).

John Doe is therefore ORDERED TO SHOW CAUSE by November 30, 2018, why this case should not be dismissed for a lack of jurisdiction because he has not moved for the necessary protective order to appear under a pseudonym.[3]

---

[2] John Doe did include as a footnote to his original and amended complaints a statement of the reasons why he seeks to remain anonymous, but he has not otherwise asked for that relief. (Doc. Nos. 1, 23.)

[3] The Court notes that the same issue arises with regard to John Doe's three minor children, whom he has named as plaintiffs under the pseudonyms Johnson Doe I, II, and III. (Doc. No. 23.) Although Doe may appear on his own behalf, he may not assert claims on behalf of his children. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Doe has moved for a guardian ad litem to represent his children's interests (Doc. No. 30), which may include hiring counsel. The Court will address that motion by separate order.

It is so ORDERED.

ALISTAIR E. NEWBERN
United States Magistrate Judge