IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

John Doe, et al

    Plaintiffs

v.        Case No 3:18CV471

State of Tennessee, et al,

    Defendants

RESPONSE TO ORDER TO SHOW CAUSE

On August 14, 2018, Plaintiff moved the Court for Motion for Leave to Amend the Complaint. (Docket #9). On September 22, 2018, with the unopposed Motion for Leave to Amend still pending, Plaintiff filed a Memorandum in Support (errantly titled a "brief"). Docket #20. Indicating at that time, as to anonymity:

> **VI. If anonymity is untenable, then Plaintiff will re-amend to remove anonymity and we can move forward.**
>
> The restoration of the fundamental rights at issue in this case should not be delayed for the purposes of maintaining anonymity. If the Court believes anonymity at this stage to be unworkable, Plaintiffs will reamend to remove the use of pseudonyms. As it stands, Jane Doe has objected, via email, to my request we agree to seal the state court files to maintain anonymity relative to this suit. Therefore, there is no reason to protect her anonymity."

Docket 20 at 8. The Court later Granted the Motion for Leave to Amend on October 4, 2018. (Docket #22). Plaintiff took the granting of the leave to Amend the Complaint as implied, if not express, approval to continue to proceed under a pseudonym. In my mind, the Court's diligent 51-day consideration of the uncontested Motion for Leave to Amend certainly included the continued use of pseudonyms, as the Amended Complaint added additional pseudonyms and information sufficient for the Defendants to identify the Doe parties. In addition, the Court has approved

motions to seal documents involving the real names of the Doe parties. Docket #31, 33, & 40. Likewise, Plaintiff has been seeking a TRO to prevent dissemination for the Doe parties' names by the Defendants. Docket 51. In short, Plaintiff had no reason to believe I did not have the Court's permission or needed to do more than he already was doing.

In researching the use of a pseudonym initially, Plaintiff found that there is no entry in Federal Practice and Procedure as to the practice. Plaintiff's research uncovered various means to accomplish the same result 1. ) File a redacted complaint for public view, and file and unredacted complaint and serve the same; 2.) File a complaint using pseudonyms and potentially an identifying affidavit under seal, either initially or upon order of the Court. 3). Requesting a TRO 4). The protective order procedure indicated by the Court. I thought I was doing well by utilizing both the 2nd and 3rd options.

Given that my apparent misunderstanding of the Court's position underlies the motion, in the next few days, I will be withdrawing the Emergency Motion for Protective Order relative to this topic, Docket #81, **filed 11/20/18.** Instead, I will file a Motion for Protective Order and Memorandum in Support, over the Thanksgiving holiday, as it is now clear a memorandum as well as a *revised* motion for protective order is mandated by the Court's Order to Show Cause. Writing legal memoranda is a great way to spend a holiday weekend without my children. I wish the Court and the Defendants, except Jane Doe, a very Happy Thanksgiving with their families.

Respectfully Submitted,
November 21, 2018

/s John Doe                                .
John Doe, *Pro se*

John Doe
PO Box 280361
Nashville, TN 37228
johndoeplaintiff@gmail.com
Phone Number on file with clerk

## Certificate of Service

      I hereby certify that all counsel for all defendants were served on the date above by the ECF/CM system, except Jane Doe, who was served in accordance with our existing email service agreement, as noted in the service affidavit under seal (Docket #39).

      /s John Doe         .
      John Doe, *Pro se*