THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, ) <br> on behalf of himself and his children: ) <br> JOHNSON DOE I, ) <br> JOHNSON DOE II, AND ) <br> JOHNSON DOE III, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE OF TENNESSEE, ) <br> ) <br> WILLIAM EDWARD HASLAM, ) <br> in his official capacity as the ) <br> Governor of the State of Tennessee; ) <br> ) <br> HERBERT H. SLATERY III, ) <br> in his official capacity as the ) <br> Attorney General of the state of Tennessee; ) <br> ) <br> DEBORAH TAYLOR TATE, ) <br> in her official capacity as the Administrator ) <br> of State Courts of the State of Tennessee; ) <br> ) <br> JANE DOE; ) <br> ) <br> KIRK VANDIVORT; ) <br> ) <br> REYNOLDS, POTTER, RAGAN & ) <br> VANDIVORT, PLC; ) <br> ) <br> HON. CRAIG MONSUE, ) <br> in his official capacity as Judge of Dickson ) <br> County General Sessions Court; ) <br> ) <br> HON. DAVID WOLFE, ) <br> in his official capacity as a Chancellor of ) <br> Dickson County Chancery Court; ) <br> ) <br> DICKSON COUNTY CHANCERY COURT; ) <br> AND ) <br> ) | CASE NO. 3:18-CV-0471 <br><br> DISTRICT JUDGE CAMPBELL <br><br> MAGISTRATE JUDGE <br> NEWBERN |

| | |
|---|---|
| DICKSON COUNTY GENERAL SESSIONS COURT; | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS REYNOLDS, POTTER, RAGAN, & VANDIVORT, PLC'S AND KIRK VANDIVORT'S REPLY TO PLAINTIFF'S RESPONSE TO PLAINTIFF'S MOTION TO MOTION TO DISMISS**

Come Defendants Reynolds, Potter, Ragan, & Vandivort, PLC and Kirk Vandivort ("Defendants"), by and through counsel, in reply to Plaintiff's Memorandum in Opposition to Defendants' Reynolds, Potter, Ragan, and Vandivort PLC and Kirk Vandivort Motion to Dismiss, and state unto this Honorable Court as follows:[1]

In response to Defendants' motion to dismiss Plaintiff's § 1983 claim, Plaintiff asks the Court to (1) reject both Supreme Court and Sixth Circuit precedent; and (2) in doing so, change the applicable legal standard on what constitutes acting "under color of law" for purposes of a § 1983 claim.

Plaintiff's response relies primarily on the Supreme Court case <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922 (1982). Specifically, Plaintiff contends that <u>Lugar</u> stands for the broad proposition that a private party is a state actor for purposes of a § 1983 claim if the private party "engaged in joint work with the state in some manner" to deprive a person or entity of a constitutional right via a state "law, rule, process, practice, custom, or procedure" that is alleged to be unconstitutional. (Pl.'s Resp. to Mot. to Dismiss, R. 94, Page ID## 623-25).

---

[1] Defendants have limited their reply to address only Plaintiff's § 1983 claim. Nothing in this reply, however, is intended to suggest a waiver of Defendants' additional arguments regarding Plaintiffs' failure to state claims for abuse of process and aiding and abetting, or any other argument that is contained within Defendants' motion to dismiss and supporting memorandum of law. (<u>See</u> Mot. to Dismiss, R. 68) (<u>See</u> Memo of Law, Mot. to Dismiss, R. 69).

2

The Supreme Court, however, expressly limited its holding in Lugar to those cases involving the "prejudgment attachment" of property. Lugar, 457 U.S. at 939, n. 21. Lugar involved a truckstop operator who was indebted to a supplier. Id. at 924. The supplier sued on the debt in state court and then, "[a]ncillary to the action and pursuant to state law," sought prejudgment attachment of the operator's property via an *ex parte* petition. Id. The state-court clerk issued a writ of attachment which was executed by the county sheriff. Id. At a later hearing, however, the court dismissed the attachment. Id. at 925. The operator then sued the supplier under 42 U.S.C. § 1983 asserting that the supplier "had acted jointly with the State to deprive him of his property without due process of law." Id. The district court dismissed the suit against the supplier, holding that the supplier's alleged actions "did not constitute state action" and that the operator, therefore, failed to state a claim under § 1983. Id.

The Supreme Court disagreed with the district court but narrowly held that private parties qualified as "state actors" when they "invok[ed] the aid of state officials to take advantage of state-created attachment procedures." Id. at 942 (emphasis added). In fact, the majority's opinion expressly limited the scope of its holding in direct response to Justice Powell's dissenting opinion:

> Contrary to the suggestion of JUSTICE POWELL's dissent, we do not hold today that 'a private party's mere invocation of state legal procedures constitutes "joint participation" or "conspiracy" with state officials satisfying the § 1983 requirement of action under color of law.' The holding today, as the above analysis makes clear, is limited to the particular context of prejudgment attachment.

Id. at 939, n. 21 (internal citations omitted) (emphasis added).

Indeed, the Supreme Court has consistently reaffirmed its precise holding in subsequent cases. In Am. Mfrs. Mut. Ins. Co. v. Sullivan, for example, the Supreme Court

rejected an employee's attempt to use Lugar to allege that a private insurance company acted "under color of law" when it withheld workers' compensation benefits from the employee pursuant to a state regulatory scheme. 526 U.S. 40, 43 (1999). In doing so, the Supreme Court noted that "the Lugar opinion itself makes clear, its language must not be torn from the context out of which it rose"—i.e., an *ex parte* attachment procedure— and that the employee's claim failed, in part, because "there [was] no effort by [the insurance company] to seize the property of the respondents by an *ex parte* application to a state official." Id. at 58. See also Wyatt v. Cole, 504 U.S. 158 (1992) (recognizing that the "scope" of Lugar involved a consideration of "the scope of § 1983 liability in the context of garnishment, prejudgment attachment, and replevin statutes.").

Not surprisingly, the Sixth Circuit Court of Appeals has consistently rejected attempts to expand Lugar beyond its limited reach. See e.g., Revis v. Meldrum, 489 F.3d 273 (6th Cir. 2007) (reaffirming prior Sixth Circuit decisions that have "expressly declined . . . to extend [Lugar]. . . outside the context of challenged prejudgment attachment or garnishment proceedings."). See also e.g., Partin v. Davis, 675 Fed. Appx. 575 (6th Cir. 2017) (reaffirming the Revis court's refusal to expand Lugar).

Here, Plaintiff's § 1983 claim is not based on a garnishment, prejudgment attachment, or replevin statute or procedure. Indeed, his claim has nothing to do with property. Rather, Plaintiff contends that the Order of Protection issued against him violated his 14th Amendment due process rights by prohibiting him from having contact with his children. (Am. Comp., R.23, ¶¶ 100-03). As such, Plaintiff's attempt to use Lugar to assert that Defendants acted "under color of law" merely by representing Defendant Jane Doe in court is severely misplaced. And, of course, the Court should decline to

4

extend Lugar as Plaintiff proposes. Such a broad expansion would allow any aggrieved party to file a § 1983 claim against an opposing attorney merely for representing clients in cases that resulted in a judgment that the party feels was unconstitutional.

Respectfully submitted,

**LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC**

By: s./ D. Randall Mantooth
**D. Randall Mantooth**
BPRN 013875
**Michael S. Holder**
BPRN 034284
4th & Church Building
201 4th Avenue North, Suite 1100
Nashville, Tennessee 37219
(615) 255-7722
Email: randy.mantooth@leitnerfirm.com
michael.holder@leitnerfirm.com

Attorneys for Defendants Vandivort and Reynolds, Potter, Ragan & Vandivort, PLC

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this **Defendants Reynolds, Potter, Ragan, & Vandivort, PLC's and Kirk Vandivort's Reply to Plaintiff's Response to Defendants' Motion to Dismiss** has been forwarded by electronic means via the court's electronic filing system to:

>John Doe, 18-471
>P.O. Box 280361
>Nashville, TN 37228
>
>Brian A. Pierce
>Tennessee Attorney General's Office
>P.O. Box 20207
>Nashville, Tennessee 37202-0207
>
>Jordan K. Crews
>Tennessee Attorney General's Office
>P.O. Box 20207
>Nashville, Tennessee 37202-0207
>
>Jeffrey D. Ridner
>Tennessee Attorney General's Office
>P.O. Box 20207
>Nashville, Tennessee 37202-0207
>
>Daniel Mark Nolan
>Batson Nolan, PLC
>121 S. Third Street
>Clarksville, Tennessee 37040

and has been forwarded via U.S. Mail, postage prepaid, to:

>Jane Doe
>4158 Hwy 96
>Burns, Tennessee 37029

this the 30th day of November, 2018.

By:   s./ D. Randall Mantooth
      **D. Randall Mantooth**