IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

John Doe, *et al*

        Plaintiffs,

v.                                                Case No 3:18CV471

State of Tennessee, *et al*

        Defendants.

### John Doe's Response to Jane Doe's Motion to Dismiss

Jane Doe was named as a party in this lawsuit primarily as a co-actor with Defendants Kirk Vandivort and Reynolds, Potter, Ragan, and Vandivort, PLC and thus a potential necessary party to the claims involving them. Furthermore, she is a potential interested party in the declaratory judgement actions sought in Claims 1-5 herein, and as such she would certainly have standing to intervene, if she so chose.

However, given her limited financial ability to pay damages on Claims 8 & 9, the apparent default of the law firm defendants, and Jane Doe's apparent desire to not be involved in the determination of the merits of this case in any way, Plaintiff no longer deems her a necessary party.

The act of service was proper on her under state law, as a method of service allowable when the Defendant is evading. Furthermore, *bringing* an action *pro se* on behalf of one's minor children is permissible, *litigating* the matter "*pro se*" on their behalf is not. This issue is being addressed by a motion for Guardian ad Litem (Docket #20). Jane Doe's stated "special appearance" bears no discussion.

Regardless, John Doe concedes that a summons issued to "Jane Doe" creates a problem as to sufficiency of service when her real name is known to the Plaintiff; such name is not actually Jane Doe; and there was not a clear order of this Court in place regarding pseudonyms.

As a practical matter, keeping Jane Doe on as a Defendant is frankly not worth the argument, given developments in this case since the Amended Complaint was filed and her apparent desire to not weigh in on the merits. Jane Doe is and was known to all parties (or their lawyers), if she is needed for discovery or other purposes. Plaintiff is disillusioned that Jane Doe did not wish to support the use of a pseudonym, if not for me or for her, but for the benefit of our children.[1] However, that is not surprising. Jane Doe has a certain way of exploiting the best intentions of others.

Therefore, John Doe stands mute as to the issue of whether the summons issued and served upon Jane Doe represents sufficient process and allows that she be dismissed as a party without prejudice.

Respectfully Submitted,
December 4, 2018

/s John Doe                .
John Doe, *Pro se*

John Doe
PO Box 280361
Nashville, TN 37228
johndoeplaintiff@gmail.com
Phone Number on file with clerk

**Certificate of Service**

I hereby certify that all counsel for all defendants were served on the date above by the ECF/CM system, except Jane Doe, who was served in accordance with our existing email service agreement, as noted in the service affidavit under seal (Docket #39).

/s John Doe          .
John Doe, *Pro se*

---

[1] Jane Doe has increased the likelihood that I will be changing the children's and my last name.