# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JOHN DOE, 18-471, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | NO. 3:18-cv-00471 |
| **v.** ) | |
| ) | JUDGE CAMPBELL |
| ) | MAGISTRATE JUDGE NEWBERN |
| **STATE OF TENNESSEE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation (Doc. No. 112), recommending the Court grant the defendants' motions to dismiss (Doc. Nos. 34, 83, 100), and dismiss this action for lack of subject matter jurisdiction. The Report and Recommendation is **ADOPTED** for the reasons set forth below. Also pending before the Court is Plaintiff's Motion for Leave to File Under Seal: Dickson County Chancery Court Divorce Findings Transcript Excerpt (Doc. No. 115). The Motion is **GRANTED**.

In the Report, the Magistrate Judge determined the Court lacks subject matter jurisdiction of Plaintiff John Doe's claims because the claims are, at their core, requests to modify the protective and child custody orders issued by the state court in his divorce and child custody proceedings, and therefore, fall within the "domestic relations exception" to subject matter jurisdiction. The Magistrate Judge also recommends the Court decline supplemental jurisdiction over Plaintiff's state law abuse-of-process claim.

Plaintiff has filed Objections (Doc. No. 114) to the Report and Recommendation. Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and

recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

As his first objection, Plaintiff argues the Report and Recommendation contains several factual errors: Plaintiff is not a lawyer; the "no contact" order was not a custody order; Plaintiff did not abandon the state court action; Plaintiff is not seeking to modify a state court order; and Plaintiff is not seeking free transcripts in state court. (Doc. No. 114, at 1-3). Having reviewed Plaintiff's claims, the Court agrees with the Magistrate Judge's conclusion that they involve, at their core, requests to modify state court divorce and child custody orders. Plaintiff has not demonstrated the Report contains the alleged factual errors listed by Plaintiff, or that the alleged factual errors undermine the Report's conclusion.

Next, Plaintiff argues the domestic relations exception does not apply here because his case is not based on diversity jurisdiction. The Sixth Circuit has not limited the exception to diversity cases, however, as the case law cited by the Magistrate Judge reveals. *See, e.g., Danforth v. Celebrezze,* 76 Fed. Appx 615, 616 (6th Cir. 2003). Plaintiff also argues the Report expands the domestic relations exception beyond its limited reach, citing *Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir. 1998), *overruled on other grounds by Coles v. Granville,* 448 F.3d 853 (6th Cir. 2006), and *Chevalier v. Estate of Barnhart,* 803 F.3d 789 (6th Cir. 2015). In both *Catz* and *Chevalier,* the Sixth Circuit held the domestic relations exception did not apply because the plaintiffs in those cases did

2

not seek the issuance, or alteration, of an order of divorce, alimony, or child custody. In the Report, the Magistrate Judge recognized the holdings of these cases, and in the Court's view, applied them correctly. For example, the Magistrate Judge pointed out that Plaintiff's Amended Complaint specifically requests modifications to the orders of the state court regarding visitation and child custody. (Report (Doc. No. 112), at 9; Amended Complaint (Doc. No. 23), at 15, 17, 18, 20, 22).

Plaintiff contends the Report misconstrues his claims under the Americans With Disabilities Act, 42 U.S.C. §§ 12131, *et seq.* ("ADA") in applying the domestic relations exception. The Court disagrees. In the Amended Complaint, Plaintiff specifically alleges, in connection with the ADA claims, that he is "entitled to immediate entry of his proposed 2nd Amended Temporary Parenting Plan . . ." (Doc. No. 23, at 18, 20, 22). If granted, that relief would require alteration of the state court's visitation and child custody orders.

Plaintiff argues the Magistrate Judge also erred in concluding the procedural due process claim in Count 10 is subject to the domestic relations exception. In Count 10, Plaintiff claims he is deprived of his due process rights by the failure of the Dickson County Chancery Court to provide him with a contemporaneous record of proceedings. (Doc. No. 23, at 25-26). Plaintiff alleges that parties must provide their own court reporters, at costs of $200 to $400 for each court appearance, in order to obtain a verbatim record of proceedings. (*Id.*) The Magistrate Judge concluded this claim, like Plaintiff's other federal claims, fell within the domestic relations exception, pointing out Plaintiff's allegation that the deprivation prevented him from presenting the federal court with transcripts or recordings of the state court divorce proceedings. (*Id.*, at 13; Doc. No. 112, at 10). The Court is not persuaded the Magistrate Judge erred in her conclusion that the "core" of Plaintiff's claim involves the state court's visitation and child custody orders.

Even if the Magistrate Judge erred and the Court has subject matter jurisdiction over Count

10, however, Plaintiff has failed to state a viable procedural due process claim, as the State Defendants point out. (Doc. No. 35, at 17-18). Plaintiff has not alleged the deprivation is of constitutional significance by claiming, for example, he is indigent and cannot afford the costs of appellate review of a decision terminating his parental rights. *See M.L.B. v. S.L.J.*, 519 U.S. 102, 117 S. Ct. 555, 136 L.Ed.2d 473 (1996) (striking down state statute requiring indigent party to pay $2,000 in record preparation fees to appeal parental termination rights; and distinguishing "other domestic relations matters such as divorce, paternity, and child custody" proceedings). Nor has Plaintiff alleged he is an indigent criminal defendant seeking to appeal a conviction. *See Griffin v. Illinois,* 351 U.S. 12, 76 S. Ct. 585, 100 L.Ed. 891 (1956) (holding state must provide "a record of sufficient completeness" (not necessarily a verbatim transcript) to indigent criminal defendant seeking to appeal his conviction in a felony case); *Mayer v. City of Chicago,* 404 U.S. 189, 92 S. Ct. 410, 30 L.Ed.2d 372 (1971) (holding state must provide "a record of sufficient completeness" (not necessarily a verbatim transcript) to indigent criminal defendant seeking to appeal his conviction in a nonfelony case). In the absence of such special circumstances, as the Sixth Circuit has explained, "the Federal Constitution does not forbid the charging of a fee for a transcript of a civil matter." *Clanton v. Michigan 54B Judicial District Court,* 86 F.3d 1155, at *1, 1996 WL 272378 (6th Cir. May 21, 1996) (citing *Hill v. State of Michigan*, 488 F.2d 609, 610 (6th Cir. 1973)).

Finally, Plaintiff argues that abstention based on *Younger v. Harris,* 401 U.S. 37 (1971) does not apply in this case. The Report does not rely on *Younger* abstention in reaching its conclusion. Thus, this objection is without merit.

For the reasons described above, Plaintiff's objections fail to state viable grounds to challenge the Magistrate Judge's conclusions, nor do they otherwise provide a basis to reject or modify the Report and Recommendation. Thus, having fully considered Plaintiff's objections, the

4

Court concludes they are without merit, and that the Report and Recommendation should be adopted and approved. Accordingly, the defendants' motions to dismiss (Doc. Nos. 34, 83, 100) are **GRANTED,** and this case is **DISMISSED,** without prejudice. All other pending motions are denied as moot.

This Order shall constitute the final judgment in this case pursuant to Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE