UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOHN DOE, 18-471 et al.,

    Plaintiffs,

v.

STATE OF TENNESSEE et al.,

    Defendants.

Case No. 3:18-cv-00471

Judge William L. Campbell, Jr.
Magistrate Judge Alistair E. Newbern

## MEMORANDUM ORDER

On September 18, 2020, the United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Counts 1–5 and 8–10 of pro se Plaintiff John Doe's amended complaint, vacated the Court's dismissal of Counts 6 and 7, and remanded this action for the limited purpose of determining whether the requests for monetary damages in Counts 6 and 7 are barred by the doctrine of sovereign immunity or any other threshold grounds. (Doc. No. 126.) Before the Court on remand are Doe's first motion for leave to file a second amended complaint (Doc. No. 129), motion to withdraw that motion (Doc. No. 132), motion to renew his earlier motion for appointment of a guardian ad litem to represent his minor children (Doc. No. 130), and amended motion for leave to file a second amended complaint (Doc. No. 133). Defendants Dickson County General Sessions Court and Judge Craig Monsue (the County Defendants), and the State of Tennessee, former Tennessee Governor William Edward Haslam, Tennessee Attorney General Herbert H. Slatery, III, Director of the Tennessee Administrative Office of the Courts Deborah Taylor Tate, the Dickson County Chancery Court, and Chancellor David Wolfe (the State Defendants) oppose Doe's efforts to file a second amended complaint (Doc. Nos. 131,

134.) Doe has filed a reply in support of his amended motion for leave to file a second amended complaint. (Doc. No. 135.)

For the reasons that follow, Doe's motion to withdraw his first motion for leave to file a second amended complaint (Doc. No. 132) will be granted, and his first motion for leave to file a second amended complaint (Doc. No. 129) will be terminated. Doe's motion to renew his request for a guardian ad litem (Doc. No. 130) and amended motion for leave to file a second amended complaint (Doc. No. 133) will be denied. The Court will set a supplemental briefing schedule strictly limited to the question of whether sovereign immunity or any other threshold reasons bar this Court's consideration of Counts 6 and 7's claims for monetary damages.

## I. Relevant Background

The Court has set forth the facts underlying this case is prior orders and will summarize those facts here. This case arises out of Doe's divorce and child custody proceedings in the General Sessions and Chancery Courts of Dickson County, Tennessee. (Doc. No. 23.) Doe, who has been diagnosed with major depression, asserted a variety of claims under state and federal laws arising out of the divorce and custody proceedings on behalf of himself and his minor children. As relevant here, Count 6 of the amended complaint claims that the State and County Defendants deprived Doe of "fundamental parenting rights" under the U.S. Constitution in violation of Title II of the Americans with Disabilities Act (ADA) "based on the prohibited rationale of stereotypical and unspecified fear relative to his mental health diagnosis." (*Id.* at PageID# 267.) Doe seeks monetary damages and declaratory and injunctive relief, including entry of Doe's proposed temporary parenting plan. (*Id.*) Count 7 alleges that the State and County Defendants violated Doe's children's rights by "depriving them of visitation and contact with their father, an activity constituting a fundamental liberty interest . . . ." (*Id.* at PageID# 268.) Doe requests monetary

damages on their behalf and declaratory and injunctive relief requiring entry of Doe's proposed temporary parenting plan.

The defendants filed motions to dismiss Doe's amended complaint for lack of personal and subject matter jurisdiction. (Doc. Nos. 34, 83, 100.) The Magistrate Judge found that Doe's invocation of the ADA and other federal laws was a pretense for seeking alteration of the protective and child-custody orders issued in his state-court divorce and custody proceedings. (Doc. No. 112.) The Magistrate Judge therefore recommended finding that the Court lacked subject-matter jurisdiction over Doe's purported federal claims under the domestic-relations exception to federal subject matter jurisdiction and declining to exercise jurisdiction over Doe's state-law claim. (*Id.*) The Court adopted the Magistrate Judge's report and recommendation over Doe's objections and dismissed the amended complaint. (Doc. No. 117.) The Court denied Doe's post-judgment motions for recusal and for reconsideration and relief from judgment under Federal Rules of Civil Procedure 59(e) and 60. (Doc. No. 121.)

On appeal, the Sixth Circuit affirmed this Court's dismissal of Counts 1–5 and 8–9 without addressing whether the federal claims in those counts fell within the domestic-relations exception. (Doc. No. 126.) The Sixth Circuit held that the Court erred in finding that it lacked subject matter jurisdiction over Count 10 but nevertheless affirmed dismissal of that count because it failed to state a claim on the merits. (*Id.*) With respect to Counts 6 and 7, the Sixth Circuit held that Doe's requests for declaratory and injunctive relief are moot, but that he "retains a legally cognizable interest in Counts 6 and 7 because of his request for money damages" and that the Court "erred in holding that the domestic-relations exception barred these claims." (*Id.* at PageID# 796.) The Sixth Circuit further held, however, that

> sovereign immunity *may* bar consideration of Counts 6 and 7. Because Doe seeks relief in these counts against the state of Tennessee, two state courts, and state

> officials acting in their official capacities, sovereign immunity would ordinarily deprive the district court of jurisdiction. Congress, however, has validly abrogated state sovereign immunity for some violations of Title II of the ADA. *See Babcock v. Michigan*, 812 F.3d 531, 534–35 (6th Cir. 2016). We think it best for the district court to consider in the first instance whether Counts 6 and 7 fall within the scope of the ADA's valid abrogation of sovereign immunity. We therefore vacate the dismissal of Counts 6 and 7 and remand these claims to the district court. On remand, the district court should also consider whether any other "threshold grounds for denying audience to [these claims] on the merits" apply. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999). The district court may, if it wishes, address whether an alternative threshold ground applies before considering the issue of sovereign immunity. *See id.*

(*Id.* at PageID# 797 (alteration in original).) The Sixth Circuit also affirmed the Court's denial of Doe's post-judgment motion for recusal. (*Id.*)

On remand, Doe has filed a motion for leave to file a second amended complaint under Federal Rule of Civil Procedure Rule 15 (Doc. No. 129); a motion to renew his earlier motion for appointment of a guardian ad litem (Doc. No. 130); a motion to withdraw his first motion for leave to file a second amended complaint (Doc. No. 132); and an amended motion for leave to file a second amended complaint under Rule 15, accompanied by a proposed second amended complaint (Doc. Nos. 133, 133-1). The proposed second amended complaint includes nine counts, most of which substantially overlap with Doe's amended complaint. (Doc. No. 133-1.) Specifically, the proposed second amended complaint effectively re-alleges Counts 1–5 and 9 of the amended complaint, as well as Counts 6 and 7's claims for damages. (*Id.*) It omits Counts 8 and 10 of the amended complaint and removes three defendants, including Haslam, but proposes adding a new claim for retaliation under the Title II of the ADA against a new defendant, Dickson County Chancellor Larry Wallace. (*Id.*)

The County Defendants responded in opposition to Doe's first motion for leave to file a second amended complaint, arguing that the Sixth Circuit "remanded the case to the District Court only for consideration of Counts 6 and 7" of Doe's amended complaint and that Doe has not shown

he is entitled to amend his pleadings at this stage of the proceedings. (Doc. No. 131, PageID# 835, ¶ 9.) The State Defendants responded in opposition to Doe's amended motion for leave to file a second amended complaint, arguing that Doe's motion should be denied because the Sixth Circuit limited this Court's authority on remand to considering only whether sovereign immunity or other threshold grounds bar consideration of Doe's claims for monetary damages in Counts 6 and 7 of his amended complaint. (Doc. No. 134.) None of the defendants opposes Doe's motion to withdraw his first motion for leave to file a second amended complaint or his motion to renew his request to appoint a guardian ad litem.

Doe filed a reply in support of his amended motion for leave to file a second amended complaint, arguing that the Sixth Circuit's remand was general, not limited, and that amendment is appropriate. (Doc. No. 135.)

**II.     Analysis**

As an initial matter, Doe's motion to withdraw his first motion for leave to file a second amended complaint will be granted as unopposed, and his first motion for leave to amend will be terminated. That leaves Doe's amended motion for leave to file a second amended complaint and motion to renew his motion for a guardian ad litem for the Court's consideration.

"Under the 'mandate rule,' the 'district court is bound to the scope of the remand issued by the court of appeals." *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 834 (6th Cir. 2019) (quoting *United States v. Campbell*, 168 F.3d 263, 265 (6th Cir. 1999)). "Traditionally, the mandate rule instructs that the district court is without authority to expand its inquiry beyond the matters forming the basis of the appellate court's remand." *Campbell*, 168 F.3d at 265. Remands can be either limited or general in scope. *Id.* "Limited remands explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *Id.* "General remands, in contrast, give district courts authority to address all matters as

5

long as remaining consistent with the remand." *Id.* In determining whether a remand is limited or general, "[t]he key is to consider the specific language used in the context of the entire opinion or order." *Id.* at 267–68. "A limited remand must convey clearly the intent to limit the scope of the district court's review." *Id.* at 267. "In the absence of an explicit limitation, the remand order is presumptively a general one." *Id.* at 268 (alteration omitted) (quoting *United States v. Moore*, 131 F.3d 595, 598 (6th Cir. 1997)).

Here, the Sixth Circuit affirmed the dismissal of Counts 1–5 and 8–10, vacated the dismissal of Counts 6 and 7's requests for monetary damages, and remanded to this Court with specific instructions "to consider in the first instance whether Counts 6 and 7 fall within the scope of the ADA's valid abrogation of sovereign immunity" and to "also consider whether any other 'threshold grounds for denying audience to [these claims] on the merits' apply." (Doc. No. 126, PageID# 797 (alteration in original) (quoting *Ruhrgas AG*, 526 U.S. at 585).) The Court construes this specific language as a clear expression of the Sixth Circuit's intent to limit the scope of review on remand to whether or not sovereign immunity or other threshold reasons bar this Court's review of Counts 6 and 7's requests for monetary damages. *See Campbell*, 168 F.3d at 265–68. Consideration of Doe's amended motion for leave to file a second amended complaint and motion to renew his motion to appoint a guardian ad litem are beyond the scope of this limited review.

Even if the Sixth Circuit's remand could be construed as general, Doe's motions would still properly be denied. A finding that this Court lacks jurisdiction to hear the claims asserted in Count 7 on behalf of Doe's minor children would moot Doe's request for a guardian ad litem. *See, e.g.*, *Avoki v. Ferebee*, No. 3:15-CV-136, 2016 WL 1092307, at *5 (W.D.N.C. Mar. 21, 2016) (granting motion to dismiss for lack of subject-matter jurisdiction and finding moot petition for appointment of guardian ad litem), *aff'd*, 669 F. App'x 677 (4th Cir. Oct. 20, 2016). Further, Doe
6

has not provided any argument or legal authority that amendment is warranted under the legal standard applicable to post-judgment motions for leave to amend. In *Leisure Caviar, LLC v. U.S. Fish and Wildlife Services*, the Sixth Circuit held that courts must analyze post-judgment motions for leave to amend a complaint under Rules 59 and 60, and not just Rule 15:

> Rule 15 requests to amend the complaint are frequently filed and, generally speaking, "freely" allowed. But when a Rule 15 motion comes *after* a judgment against the plaintiff, that is a different story. Courts in that setting must "consider[ ] the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Morse* [*v. McWhorter*], 290 F.3d [795,] 800 [(6th Cir. 2002)]. If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then "reopen the case by amending their complaint to take account of the court's decision." *James v. Watt*, 716 F.2d 71, 78 (1st Cir. 1983) (Breyer, J.). That would sidestep the narrow grounds for obtaining post-judgment relief under Rules 59 and 60, make the finality of judgments an interim concept and risk turning Rules 59 and 60 into nullities. *See* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1489 (3d ed. 2010).
>
> When a party seeks to amend a complaint after an adverse judgment, it thus must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60.

616 F.3d 612, 615–16 (6th Cir. 2010) (first alteration in original). Judgment has been entered and affirmed against Doe with respect to Counts 1–5 and 8–10 of his amended complaint, yet his proposed second amended complaint reasserts Counts 1–5 and 9 and seeks to add a new claim and new defendant. He also proposes reasserting Counts 6 and 7, modified to omit the requests for declaratory and injunctive relief that the Sixth Circuit has already found moot. Doe's earlier motion for reconsideration or relief from judgment under Rules 59 and 60 focused only on his argument that the District Judge should have recused himself; the motion did not request leave to amend.[1]

---

[1] Doe's motion for reconsideration and relief from judgment consisted of the following two sentences: "Plaintiff, John Doe, moves the Court, pursuant to Rule 59(e) for reconsideration of Doc #117 and 118, by a District Court Judge not required to disqualify him or herself under

(Doc. No. 120.) Doe has not argued that the requirements of Rules 59 or 60 are satisfied in the present circumstances, and the Court finds that they are not. *See* Fed. R. Civ. P. 59, 60.

Doe's motion to renew his motion for a guardian ad litem and amended motion for leave to file a second amended complaint will therefore be denied. Consistent with the Sixth Circuit's limited remand, this Court will set a briefing schedule limited to the question of whether sovereign immunity or other threshold reasons bar the Court's consideration of Doe's claims for monetary damages in Counts 6 and 7 of the amended complaint.

### III. Conclusion

For these reasons, Doe's motion to withdraw his first motion for leave to file a second amended complaint (Doc. No. 132) is GRANTED, and his first motion for leave to file a second amended complaint (Doc. No. 129) is TERMINATED. Doe's motion to renew his motion to appoint a guardian ad litem (Doc. No. 130) and amended motion for leave to file a second amended complaint (Doc. No. 133) are DENIED.

The parties are ORDERED to file supplemental briefs limited to addressing the question of whether sovereign immunity or other threshold reasons bar this Court's consideration of the claims for monetary damages in Counts 6 and 7 of the amended complaint. Defendants' opening brief shall be filed by April 27, 2021; Doe's response in opposition shall be filed no later than fourteen days after service of the defendants' brief; and the defendants may file an optional reply within seven days of service of Doe's response. The page limits set forth in Local Rule 7.01(a)(2)–(4) shall apply, and the parties' briefs may not incorporate by reference any prior filings or arguments. Any arguments regarding sovereign immunity or other threshold bars to this Court's

---

28 U.S.C § 445. Further, under Rule 60(b)(6), Plaintiff moves for relief from the resulting judgment." (Doc. No. 120.) Doe did not file a memorandum of law in support of the motion.

consideration of Counts 6 and 7 that the parties wish the Court to consider must be made in their supplemental briefs.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge