UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, 18-471 et al., <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TENNESSEE et al., <br><br> Defendants. | Case No. 3:18-cv-00471 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

Before the Court are pro se Plaintiff John Doe's motion for leave to amend or correct his complaint to correctly name Defendant Court of General Sessions of Dickson County, Tennessee (Doc. No. 141), and his motion for sanctions under Federal Rule of Civil Procedure 11 against counsel for Defendants the State of Tennessee, Dickson County Chancery Court, and Chancellor David Wolfe (the State Defendants) (Doc. No. 148). Doe's motion for leave to amend is unopposed. Counsel for the State Defendants have filed a response in opposition to Doe's motion for sanctions. (Doc. No. 152.) For the reasons that follow, Doe's motion for leave to amend will be granted as unopposed and his motion for sanctions will be denied.

I.  **Relevant Background**

The Court has set forth the facts underlying this case in prior orders and will summarize those facts here. This case arises out of Doe's divorce and child custody proceedings in the General Sessions and Chancery Courts of Dickson County, Tennessee. (Doc. No. 23.) Doe asserts a variety of claims under state and federal laws arising out of the divorce and custody proceedings on behalf of himself and his minor children. (*Id.*)

The United States Court of Appeals for the Sixth Circuit affirmed this Court's dismissal of Counts 1–5 and 8–10 of Doe's amended complaint, vacated the Court's dismissal of Counts 6 and 7, and remanded this action for the limited purpose of determining whether Doe's requests for monetary damages in Counts 6 and 7 are barred by the doctrine of sovereign immunity or any other threshold grounds. (Doc. No. 126.) Count 6 of the amended complaint claims that the State Defendants and Defendants Dickson County General Sessions Court and Judge Craig Monsue (the County Defendants) deprived Doe of "fundamental parenting rights" under the U.S. Constitution in violation of Title II of the Americans with Disabilities Act (ADA) "based on the prohibited rationale of stereotypical and unspecified fear relative to his mental health diagnosis." (Doc. No. 23, PageID# 267.) Doe seeks monetary damages and declaratory and injunctive relief, including entry of Doe's proposed temporary parenting plan. (*Id.*) Count 7 alleges that the State and County Defendants violated Doe's children's rights by "depriving them of visitation and contact with their father, an activity constituting a fundamental liberty interest . . . ." (*Id.* at PageID# 268.) Doe requests monetary damages on their behalf and declaratory and injunctive relief requiring entry of Doe's proposed temporary parenting plan. (*Id.*)

The Court ordered the parties "to file supplemental briefs limited to addressing the question of whether sovereign immunity or other threshold reasons bar this Court's consideration of the claims for monetary damages in Counts 6 and 7 of the amended complaint." (Doc No. 136, PageID# 890.) The County and State Defendants filed their respective supplemental briefs on April 27, 2021. (Doc. Nos. 139, 140.) Doe represented to the Court that, on April 28, 2021, he served counsel for the County Defendants by mail with a motion for Rule 11 sanctions regarding

their supplemental brief, triggering Rule 11(c)(2)'s 21-day safe harbor provision.[1] (Doc. No. 144.) He also represented that he served counsel for the State Defendants by email with a similar Rule 11 motion regarding their supplemental brief on May 3, 2021. (*Id.*) Doe asked the Court to terminate the safe harbor period four days early with respect to the County and State Defendants (*id.*), but the Court denied Doe's request finding no good cause for early termination (Doc. No. 145). The County Defendants subsequently sought and received the Court's leave for an extension of time to correct their supplemental brief under the safe harbor provision (Doc. Nos. 146, 149) and filed a corrected supplemental brief on June 1, 2021 (Doc. No. 151).

Meanwhile, on May 25, 2021, Doe filed a motion for Rule 11 sanctions against counsel for the State Defendants regarding their supplemental brief. (Doc. No. 148.) Doe argues that the State Defendants' counsel violated Rule 11 because they "ignor[ed] binding federal precedent and" because "there is little in the brief that is based on valid and applicable law." (*Id.* at PageID# 952.) Doe asks the Court to impose whatever sanctions the Court deems fit, including removing counsel from representing the State Defendants; imposing financial sanctions on counsel or the State Defendants; striking the State Defendants' supplemental brief; or entering default judgment. (Doc. No. 148.) The State Defendants respond that Doe has not addressed the applicable legal standard for sanctions under Rule 11 (Doc. No. 152) and that his "accusation[s] [are] wholly without merit because [counsel] merely engaged in 'the practice of law, namely citing relevant legal authority and presenting thoughtful legal analysis'" which "'does not warrant the issuance of sanctions'"

---

[1] Rule 11(c)(2) provides that a motion for sanctions under Rule 11 "must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2).

(*id.* at PageID# 984 (quoting *Young v. Overly*, No. 17-6242, 2018 WL 5311408, at *4 (6th Cir. July 2, 2018))). Doe did not file a reply.

II. Analysis

    A. **Doe's Motion for Leave to Amend**

Doe's pending motion for leave to amend or correct his complaint seeks only to correct the misnaming of one of the County Defendants. (Doc. No. 141.) Doe's amended complaint names Dickson County General Sessions Court as a defendant (Doc. No. 23), but Doe states in his motion for leave to amend that the defendant entity's legal name is Court of General Sessions of Dickson County, Tennessee (Doc. No. 141). Doe asks the Court to "permit the names to be used interchangeably." (Doc. No. 141, PageID# 932.) The County Defendants have not opposed Doe's motion, and the motion will therefore be granted as unopposed. The Court will construe both titles to name the same entity.

    B. **Doe's Motion for Rule 11 Sanctions**

Rule 11(b) governs attorneys' and unrepresented parties' conduct in presenting "a pleading, written motion, or other paper" to the Court. Fed. R. Civ. P. 11(b). It provides that:

> [b]y presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[ ] . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law[.]

Fed. R. Civ. P. 11(b)(2). Rule 11(c)(1) further provides that "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

The Sixth Circuit has held that "Rule 11 sanctions may be awarded only if [an attorney's or party's] conduct in the litigation was objectively unreasonable" or if the attorney or party "did not have a reasonable basis for making [his or] her claim[.]" *Montell v. Diversified Clinical Servs., Inc.*, 757 F.3d 497, 510 (6th Cir. 2014) (first citing *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3dd 501, 517 (6th Cir. 2002); and then citing *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002)). "The conduct of counsel who are the subject of a sanction request is measured by an objective standard of reasonableness under the circumstances." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010); *see also* Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment ("The standard is one of reasonableness under the circumstances."). "The court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment.

The State Defendants' supplemental brief cited the Supreme Court's opinion in *United States v. Georgia*, 546 U.S. 151 (2006), as the source of a three-part test for analyzing assertions of sovereign immunity from a claim under Title II of the ADA. (Doc. No. 140.) Doe faults the State Defendants' counsel for discussing *Georgia*, which Doe argues "does not control the outcome in this case at all." (Doc. No. 148, PageID# 954.) Instead, Doe argues that "[t]he controlling case law" in this action is the Supreme Court's earlier opinion in *Tennessee v. Lane*, 541 U.S. 509 (2004), and the Sixth Circuit's opinion in *Popovich v. Cuyahoga County Court of Common Pleas, Domestic Relations Division*, 276 F.3d 808 (6th Cir. 2002) (en banc), and argues that the State Defendants' counsel "intentionally never discussed these two cases." (Doc. No. 148, PageID# 952, 953.) Doe further criticizes the State Defendants' counsel for discussing two state-

5

court cases, *Curry v. McDaniel*, 37 So.3d 1225 (Miss. Ct. App. 2010), and *Arneson v. Arneson*, 670 N.W.2d 904 (S.D. 2003). (Doc. No. 148.) The State Defendants argue in response that "[e]ven the Sixth Circuit's opinion in this case contemplates this Court's use of the *Georgia* test on remand to determine whether the claims for money damages in Counts 6 and 7 are barred by sovereign immunity" (Doc. No. 152, PageID# 985 (citing Doc. No. 126, PageID# 797)); that *Lane* and *Popovich* predate *Georgia* and are factually distinguishable, which is why it was objectively reasonable for counsel not to address them (Doc. No. 152); and that it was reasonable to discuss *Curry* and *Arneson* as persuasive, non-binding authority interpreting the ADA in the context of child-custody determinations (*id.*).

The Court finds that the legal authority presented and discussed in the State Defendants' supplemental brief reflects a reasonable inquiry into existing law. In *Babcock v. Michigan*, 812 F.3d 531, 534–35 (6th Cir. 2016), the Sixth Circuit adopted *Georgia*'s three-part test for "assessing whether the Eleventh Amendment proscribes an ADA Title II claim[.]" The State Defendants are correct that, in remanding Counts 6 and 7 in this case, the Sixth Circuit cited *Babcock* for the proposition that "Congress . . . has validly abrogated state sovereign immunity for *some* violations of Title II of the ADA." (Doc. No. 126, PageID# 797.) The State Defendants' reliance on *Georgia* is therefore, at the very least, "based on a plausible view of the law[.]" Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment. Doe therefore has not shown that it was objectively unreasonable for the State Defendants' counsel to rely on *Georgia* instead of *Lane* and *Popovich*. *See Young v. Overly*, No. 3:16-cv-00062, 2017 WL 4355561, at *4 (E.D. Ky. Sept. 29, 2017) ("A legal argument, even if ultimately ruled against, does not bring sanctions, and is simply how the legal system operates."), *aff'd*, No. 17-6242, 2018 WL 5311408 (6th Cir. July 2, 2018); *cf. Gilreath v. Clemens & Co.*, 212 F. App'x 451, 464 (6th Cir. 2007) (affirming district court's grant of

Rule 11 sanctions where plaintiff's attorney "had cited no legal authority in support of his position").

Nor was it objectively unreasonable for the State Defendants to discuss *Curry* and *Arneson*. Nothing in the Federal Rules or this Court's Local Rules prohibits an attorney from citing state courts' opinions as part of a legal argument. *See, e.g.*, *Johnson v. Cleveland City Sch. Dist.*, 443 F. App'x 974, 984 n.17 (6th Cir. 2011) (recognizing that "[a] state court's decision" interpreting federal law "may be persuasive" if "the state court's reasoning is . . . persuasive"); *Bade v. United States*, No. 11-10780, 2012 WL 1555072, at *8 (E.D. Mich. May 1, 2012) ("While this Court is not bound by a state court's interpretation of federal law . . . such holdings are persuasive."). Doe also faults counsel for the State Defendants' discussion of cases involving child protective services, arguing that "[c]ases justifying state action for properly instated and prosecuted child protection proceedings cannot be used to justify the state action here" (Doc. No. 148, PageID# 958), and argues that counsel for the State Defendants' presented another case "in a false light" (*id.* at PageID# 959). The Court finds that these arguments fail to show that counsel for the State Defendants acted objectively unreasonably as required to merit sanctions. Rather, the Court finds that the State Defendants' supplemental brief is "based on a plausible view of the law[.]" Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment. To the extent Doe highlights perceived weaknesses in the State Defendants' legal analysis, the appropriate vehicle for doing so is a responsive brief, not a sanctions motion.

Doe further argues that counsel for the State Defendants improperly implied that the underlying state proceedings involved "child abuse" or "parental unfitness" by stating in the supplemental brief that: "Chancellor Wolfe had concerns with Plaintiff's mental health evaluation and potential danger to the children. Accordingly, the allegations fail to show that Plaintiff was

'otherwise qualified' for entry of his desired orders." (Doc. No. 148, PageID# 955 (quoting Doc. No. 140, PageID# 921).) The State Defendants respond that this language comes directly from Doe's own allegations in the amended complaint stating that Wolfe "indicated he . . . had concerns" about "Doe's depression and related anger symptoms" and further indicated that "Doe would have to show he was not a danger to the children." (Doc. No. 23, PageID# 257, 258, ¶¶ 67, 69.) The State Defendants argue that it was appropriate to include these allegations in their supplemental brief to argue that Doe has not plausibly alleged a violation of the ADA. (Doc. No. 152.) Doe has not replied to these arguments, and the Court finds that Doe has not shown that this aspect of the State Defendants' supplemental brief was objectively unreasonable.

Doe's motion for Rule 11 sanctions will therefore be denied.

**III. Conclusion**

For these reasons, Doe's motion for leave to amend (Doc. No. 141) is GRANTED AS UNOPPOSED. Doe's motion for Rule 11 sanctions against counsel for the State Defendants (Doc. No. 148) is DENIED.

The Magistrate Judge will address the merits of the parties' supplemental briefs in a separate report and recommendation.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge