IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00471 |
| | ) | |
| STATE OF TENNESSEE, et al., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) | |

## ORDER

Pending before the Court is *pro se* Plaintiff John Doe's motion for relief under Federal Rules of Civil Procedure 59(e) and 60(b)(1), (5), (6). (Doc. No. 161). For the reasons discussed below, Doe's motion (Doc. No. 161) is **DENIED**.

### I. PROCEDURAL BACKGROUND

Doe's claims in this action arise out of his divorce and child custody proceedings in Tennessee state courts. (Doc. No. 23.) This Court previously found that it lacked jurisdiction to consider Doe's claims under the domestic-relations exception to federal question jurisdiction and dismissed each of the ten counts of Doe's amended complaint. (Doc. Nos. 112, 117.) Doe appealed, and the United States Court of Appeals for the Sixth Circuit affirmed dismissal of Counts 1–5 and 8–10, but vacated dismissal of Counts 6 and 7, which are claims for injunctive relief and monetary damages under Title II of the Americans with Disabilities Act. (Doc. Nos. 23, 126.) The Sixth Circuit dismissed the requests for injunctive relief in Counts 6 and 7 as moot and remanded Doe's requests for monetary damages for the limited purpose of determining whether Eleventh Amendment sovereign immunity or any other threshold ground bars the award of damages against Defendants the State of Tennessee; the Chancery Court of Dickson County, Tennessee; Chancellor

David Wolfe; the General Sessions Court of Dickson County, Tennessee; and General Sessions Judge Craig Monsue. (Doc. No. 126). The parties filed supplemental briefing on this question (Doc. Nos. 140, 142, 151, 153) and after consideration thereof, the Magistrate Judge issued a Report and Recommendation (Doc. No. 156) that the Court find that sovereign immunity bars Doe's claims for monetary damages in Counts 6 and 7 and dismiss those claims without prejudice for lack of jurisdiction. The end of the Report and Recommendation stated in relevant part:

> Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt this report and recommendation can constitute waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

(Doc. No. 156 at 35-36). Doe timely filed an "Appeal from Report and Recommendation." (Doc. No. 157). The Court addressed Doe's "Appeal from Report and Recommendation" through the Order entered on March 29, 2023, which stated in relevant part:

> Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews de novo any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard v. Sec. of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id.* (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).
>
> The Court has reviewed Plaintiff's filing. (Doc. No. 157). It is clear from those objections that Plaintiff disagrees with the findings and recommendations of the Magistrate Judge. However, Plaintiff fails to provide a basis to reject or modify the R&R because his objections do not identify any specific factual or legal error made by the Magistrate Judge. Instead, Plaintiff essentially rebriefs his entire

> merits argument. This is insufficient to invoke de novo review. Objections that do not identify an error are meritless. *See Howard*, 932 F.2d at 509; *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirements of specific objections and is tantamount to a complete failure to object.").
>
> Having reviewed the Report and Recommendation and considered Plaintiff's filing, the Court concludes that the Report and Recommendation (Doc. No. 156) should be adopted and approved. For the reasons stated therein, this case is DISMISSED without prejudice for lack of jurisdiction.

(Doc. No. 160). On April 23, 2023, Doe filed the pending motion seeking relief under Federal Rules of Civil Procedure 59(e) and 60(b)(1), (5), (6) from the foregoing Order on the basis that the Court erred in ruling that his objection lacked specificity. (Doc. No. 161 at 2).[1]

## II. ANALYSIS

As a threshold matter, Doe's motion is denied for lack of analysis because his arguments do not cite or reference Rules 59(e) or 60(b)(1), (5), (6), do not explain why either of the rules warrant the relief he seeks, or cite any case that may have explained why his arguments warrant relief under Rule 59 or 60. *Lewis v. Sole L., PLLC*, 652 F. Supp. 3d 886, 891 (E.D. Mich. 2023); *see also Kalamazoo River Study Grp. v. Rockwell Int'l Corp.*, 355 F.3d 574, 587 n.5 (6th Cir. 2004) (It is "a prerequisite to relief under Rule 60(b), [that] a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b)....").

Even though Doe has not provided any analysis under Rule 59 or 60, his arguments will be assessed on the merits to the extent they can be discerned.

Doe seems to argue that he properly objected to the Report and Recommendation when he "stated an objection to the report in its entirety." (Doc. No. 161 at 4; *see id*. at 5 ("There was only

---

[1] Doe also moves under Rule 60(b) for relief from orders denying his motion to vacate the referral to the magistrate judge and motion to appoint guardian ad litem for his minor children. (*Id*. at 1 (citing Doc. Nos. 158, 153)). Because those are not final orders, relief under Rule 60(b) is not available.

one recommendation of the Magistrate: dismissal on sovereign immunity grounds. Plaintiff clearly objected to it.")). To that end, Doe argues the Court erroneously viewed his *pro se* objection too "narrowly and rigidly." (*Id*. at 5). However, under binding Sixth Circuit precedent, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, failure to file specific objections constitutes a waiver of any further right to appeal. *Id*. at 508; *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

This Court correctly applied the law of the Sixth Circuit when it held that Doe's objection was insufficient to merit de novo review because he did not identify any error made by the Magistrate Judge. *See supra*.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE